In the Matter of the Claim of ANNA DI DONATO, Respondent, against MORRIS ROSENBERG and Others, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, June 30, 1933.

*Alfred W. Andrews* for Morris Rosenberg and Zurich General Accident & Liability Insurance Co., Ltd.; *H. Dudley Bierau [Joseph F. Donovan* of counsel] for Morris Rosenberg and Employers' Liability Assurance Corporation Ltd., appellants.

*John J. Bennett, Jr., Attorney-General [Joseph A. McLaughlin* and *John R. O'Hanlon, Assistant Attorneys-General,* of counsel], for the respondent, State Industrial Board.

*Jeremiah F. Connor,* for the claimants, respondents.

HEFFERNAN, J. On March 30, 1923, Jerry DiDonato, the deceased employee herein, died as a result of accidental injuries arising out of and in the course of his employment, leaving a widow, aged thirty-five, and eight minor children, all under the age of eighteen.

On June 25, 1928, an award of death benefits was made to his surviving widow, Nunziato DiDonato, in a weekly amount equal to thirty per cent of the average weekly wages of the deceased, and to each of his eight surviving children under the age of eighteen years in a weekly amount equal to four and seven-twelfths per cent of his average weekly wages. The weekly total of this award amounted to sixty-six and two-thirds per cent of the average weekly wages of

the deceased. As each of the older children reached the age of eighteen years the percentage allowance of the remaining children under the age of eighteen was proportionately increased, but at all times the total payments to the widow and children did not exceed sixty-six and two-thirds per cent of the deceased's average weekly wages.

At the same time on the widow's application the State Industrial Board commuted to one lump sum, under section 25 of the Workmen's Compensation Law, all future installments of her death benefits in the sum of $7,231.01, and directed payments by the insurance carriers herein of this amount to her. Payment of this award by both insurance carriers was thereafter duly made and the widow used this money to purchase a greater equity in the real estate which she had previously purchased and for which purpose the lump sum was granted. This award directed that the payment of death benefits be continued for the surviving children in accordance with the original award. Prior to this lump sum award the widow had been receiving her compensation in a weekly amount of $8.655. At the time the lump sum award was granted, the widow was forty years of age.

On July 23, 1932, Nunziato DiDonato, widow of the deceased employee, died, at which time five children were still under eighteen years of age.

On August 3, 1932, the Industrial Board, pursuant to the provisions of subdivision 2 of section 16 of the Workmen's Compensation Law, directed that the compensation payments to the remaining five minor children be increased to thirteen and one-third per cent, or $3.846 per week each. It further directed that when the daughter Lucy became eighteen years of age on January 25, 1933, the remaining children's compensation should be increased to fifteen per cent, or $4.327 per week each. From this award the employer and the insurance carriers have appealed.

At the time the award of death benefits was originally made the statute (Workmen's Comp. Law, § 16, subd. 2) read as follows: " If there be a surviving wife and no child of the deceased under the age of eighteen years, to such wife thirty per centum of the average wages of the deceased during widowhood with two years' compensation in one sum, upon remarriage; and if there be a surviving child or children of the deceased under the age of eighteen years, the additional amount of ten per centum of such wages for each such child until the age of eighteen years; *in case of the subsequent death or remarriage of such surviving wife any surviving child of the deceased employee, at the time under eighteen years of age, shall have his compensation increased to fifteen per centum of such wages,*

*and the same shall be payable until he shall reach the age of eighteen years;* provided that the total amount payable shall in no case exceed sixty-six and two-thirds per centum of such wages."

The sole question on this appeal is whether the award increasing the rate of death benefits to the children is contrary to the provisions of the section of the statute cited above.

It is the contention of appellants that the action of the State Industrial Board increasing the rate of death benefits to the surviving children under the age of eighteen years requires them to pay death benefits in an amount in excess of sixty-six and two-thirds per cent of the average weekly earnings of the deceased. In other words, appellants assert that the commuted lump sum paid deceased's widow must be taken into consideration in determining " the total amount payable," which is limited to sixty-six and two-thirds per cent of such wages. They also argue that what the Legislature intended is that provision for the increase of death benefits to surviving children should only be made from the amount which the carriers were no longer required to pay to the surviving widow. The answer to that argument is that the statute does not say so. It specifically provides that in the event of the death or remarriage of the widow any child of the deceased employee shall have his compensation increased to fifteen per cent of the wages of the deceased. Obviously the intention of the Legislature in the enactment of this statute was to make adequate additional provision for the minor children of a deceased employee when they were deprived of the care and support of the surviving wife. The children have lost the support of their father; the award to them is to supply that loss. The fact that the periodical payments provided for the widow were commuted to one lump sum cannot affect the rights of the children. No act on her part can deprive them of the beneficial provisions of the statute. Then, too, it should be borne in mind that the widow might dissipate or otherwise dispose of the entire proceeds of a commuted award. In determining the lump sum award to be paid to the widow the computations were confined exclusively to her death benefits. The computation was made independently of the amount of the death benefits to the children. The death benefits to the children prescribed by the statute were not affected either favorably or unfavorably by the payment of the widow's benefits in one commuted sum. Whether there were surviving children or not the amount of the lump sum award recovered for the widow would have been the same. If we leave out of consideration the amount of the award paid to the widow, as it seems to me we must, then the amount which the children are to receive under the determination of the State Industrial Board does *not*

exceed sixty-six and two-thirds per cent of the weekly wages of the deceased. The statute under consideration is inartificially constructed. The Workmen's Compensation Law, however, is to be classed as remedial legislation and a spirit of liberality should characterize its interpretation.

The award should, therefore, be affirmed, with costs to the State Industrial Board.

HILL, P. J., RHODES, CRAPSER and BLISS, JJ., concur.

Award affirmed, with costs to the State Industrial Board.